Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3032 | **DATE** | 7/10/2012 |
| **CASE TITLE** | Dumas vs. Jensen, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants defendants' motion to dismiss in part and denies it in part [# 46]. Counts two and five of plaintiff's amended complaint are dismissed. The motion is otherwise denied. Defendants are directed to answer the remaining claims by no later than July 31, 2012.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

James Dumas has sued the City of Elgin and several Elgin police officers. He alleges that on September 19, 2008, detective Mario Elias met with him to discuss a narcotics transaction while wearing a recording device, while other officers overheard and transcribed the conversation. On September 22, 2008, Dumas alleges, Elias contacted him three times by phone and caused the conversations to be recorded using an eavesdropping device, while the other officers overheard and transcribed the conversations. Plaintiff alleges that the defendants did not obtain judicial approval to record any of these conversations. In January 2009, Dumas was arrested and charged with possession of narcotics and possession with intent to deliver. The recordings were offered at his trial, and he was convicted and sentenced to a prison term. On appeal, his conviction was reversed on the ground that he never possessed the narcotics.

In his amended complaint, Dumas asserts six claims. In count one, he alleges that the officers lacked probable cause to arrest him. Count two is a claim for violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968; Dumas alleges that the officers violated Title III by intercepting, recording, and disclosing his conversations with detective Elias. Count three is a claim under the Illinois Eavesdropping Act; Dumas alleges that the interception and recording of the conversations violated that Act because defendants did not obtain judicial approval. In count four, Dumas alleges that the officers maliciously prosecuted him. In count five, he alleges that the officers violated his federal constitutional right to privacy by intercepting and recording his conversations. Count six is a claim against the City of Elgin, seeking indemnification for any liability of the officers.

Defendants have moved to dismiss for failure to state a claim and for lack of subject matter jurisdiction. The Court rules on the motion as follows:

1.      Defendants' argument that the Court lacks jurisdiction of Dumas's claims under the *Rooker-Feldman*

| STATEMENT |
|---|

doctrine is frivolous. The *Rooker–Feldman* doctrine bars federal district courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, "[i]f the injury the plaintiff complains of resulted from, or is inextricably intertwined with, a state-court judgment, then lower federal courts cannot hear the claim." *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008). Dumas's alleged injuries result from the interception of his conversations and his arrest and prosecution, not from the state court judgment. Defendants' contention that Dumas's failure to challenge the interception of his conversations in state court bars his claim has nothing whatsoever to do with *Rooker-Feldman*.

2.  Defendants' contention that Dumas's claims are barred by the doctrine of issue preclusion, or collateral estoppel, is likewise entirely without merit. Illinois preclusion rules, which govern here, *see Allen v. McCurry*, 449 U.S. 90, 96 (1980), apply issue preclusion only if the issue in question was (among other things) actually litigated in the first suit. *See, e.g., Talarico v. Dunlap*, 177 Ill. 2d 185, 191, 685 N.E.2d 325, 328 (1997). Because it is undisputed that the legality of the interceptions was not litigated in state court, issue preclusion does not come into play. And defendants offer no authority to support the proposition that Dumas's failure to challenge the legality of the interceptions in his criminal case bars him from bringing a civil suit.

3.  Dumas's Title III claim fails to state a claim upon which relief may be granted. Dumas's complaint makes it clear that Elias, a participant in each of the conversations, authorized their interception. Title III specifically provides that it is violated where one of the parties to the communication has given prior consent. 18 U.S.C. § 2511(2)(c).

4.  Dumas's Fourth Amendment right to privacy claim likewise fails to state a claim. It has been clear since at least *Hoffa v. United States*, 385 U.S. 293 (1966), that the Fourth Amendment is not violated by the disclosure by a government informer of his conversations with a person suspected of a crime. As the Supreme Court stated, the Fourth Amendment does not "protect[ ] a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it." *Id.* at 302. The fact that Elias caused his conversations with Dumas to be recorded does not alter this analysis.

5.  The individual defendants argue that they are entitled to qualified immunity from liability on Dumas's Title III and right to privacy claims. The Court need not address that argument because it has already dismissed those claims.

6.  The individual defendants also argue that they are entitled to qualified immunity on Dumas's false arrest claim. They offer no real argument on this point; rather, they seem to assume that the case is "remarkably similar" to a 1993 state court case in which a conviction was affirmed. *See* Defs.' Mem. at 13-14. Defendants do not explain this argument, and the complaint does not contain factual allegations that would permit the Court to assume that the purported similarity actually exists. Due to defendants' failure to develop this argument (or even to explain it), defendants have forfeited the point for purposes of their motion to dismiss.