# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES EDWARD DUMAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11 C 3032 |
| OFFICER CHRIS JENSEN #274, DETECTIVE MARIO ELIAS #213, DETECTIVE BISCEGLIE #297, DETECTIVE JASON MORALES #290, SGT. JAMES LULLO #186, and CITY OF ELGIN, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

*Pro se* plaintiff James Dumas has sued Elgin police officers Chris Jensen, Mario Elias, Detective Bisceglie, Detective Jason Morales, and Sergeant James Lullo, as well as the City of Elgin, pursuant to the United States Constitution and 42 U.S.C. § 1983; Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2520; the Illinois Constitution; and the Illinois Eavesdropping Act, 720 ILCS 5/14-6. Dumas seeks damages arising from defendants' interception and recording of conversations in which he was a participant on September 19 and 22, 2008 and the subsequent use of those conversations in connection with state criminal court proceedings.

Defendants previously moved to dismiss Dumas's amended complaint for lack of subject matter jurisdiction and for failure to state a claim. The Court denied their motion to dismiss for lack of subject matter jurisdiction but granted their motion to dismiss

Dumas's Title III and Fourth Amendment claims for failure to state a claim. *Dumas v. Jensen*, No. 11 C 3032, slip op. (N.D. Ill. July 10, 2012). Dumas has filed a second amended complaint, and defendants have once again moved to dismiss for failure to state a claim. For the reasons set forth below, this Court dismisses all but one of Dumas's federal claims (Counts 1-8) but declines to dismiss his remaining claims (Counts 9-14).

**Background**

Dumas alleges that on September 19, 2008, Elgin police detective Mario Elias met with him to discuss a narcotics transaction while wearing a recording device, while other officers overheard and transcribed the conversation. On September 22, 2008, Dumas alleges, Elias contacted him three times by phone and caused the conversations to be recorded using an eavesdropping device, while the other officers listened and transcribed the conversations. Dumas alleges that the defendants did not obtain judicial approval to record any of these conversations. In January 2009, the defendants arrested Dumas for possession of narcotics and possession with intent to deliver. The recordings were offered in evidence at his trial, and he was convicted and sentenced to a prison term. The appellate court reversed his conviction, however, based on insufficiency of the evidence, specifically on the ground that he never possessed the narcotics.

In his second amended complaint, Dumas asserts fourteen claims. In Count 1, he alleges that the defendants violated the Fourth Amendment when they intercepted and seized the phone conversations. In Count 2, Dumas alleges that the defendants violated Title III when they intercepted, recorded, and disclosed the September 19, 2008

2

phone conversation. In Counts 3 through 8, he alleges that the defendants violated Title III when they intercepted, seized, used, and disclosed three separate phone conversations on September 22, 2008. In Count 9, Dumas alleges that the defendants deliberately omitted material facts when they applied for a search warrant and thus violated his right under the Fourth Amendment to be free from unreasonable seizure. Count 10 is a claim for relief under Article I, Section 6 of the Illinois Constitution for unreasonable seizure. In Count 11, Dumas alleges that defendants violated the Illinois Eavesdropping Act when they intercepted and recorded his conversations without a warrant. In Count 12, Dumas alleges that the officers maliciously prosecuted him. In Count 13, he seeks indemnification by the City of Elgin for any liability of the officers. Count 14 is a claim for punitive damages for the defendants' allegedly willful and wanton conduct.

## Discussion

Defendants have moved to dismiss Dumas's second amended complaint pursuant to Rule 12(b)(6). They contend that: Count 1 should be dismissed because defendants legally seized the conversations; Counts 2 through 8 should be dismissed because Elias was a party to the conversations and authorized their interception in accordance with Title III, 18 U.S.C. § 2511(2)(c); Count 9 should be dismissed because the allegedly withheld information was immaterial; and Counts 10 through 14 should be dismissed because the Court lacks supplemental jurisdiction over Dumas's remaining state law claims once the federal claims are dismissed.

On a motion to dismiss under Rule 12(b)(6), the Court accepts the facts stated in the complaint as true and draws reasonable inferences in favor of the plaintiff.

*Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009).  To survive the motion, the complaint must include enough facts to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 663.

This Court previously held that Dumas failed to state viable Fourth Amendment claims arising from the interception and disclosure of the conversations and now reaffirms that ruling.  A government informer does not violate the Fourth Amendment when he discloses his conversations with a person suspected of a crime.  *Hoffa v. United States*, 385 U.S. 293 (1966).  The Fourth Amendment does not "protect[] a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it."  *Id.* at 302.  For this reason, it is well settled that the Fourth Amendment is not violated where a party to a conversation consents to the warrantless interception and recording of the conversation.  *See United States v. Caceres*, 440 U.S. 741, 744 (1979) ("Neither the Constitution nor any Act of Congress requires that official approval be secured before conversations are overheard or recorded by Government agents with the consent of one of the conversants."); *United States v. White*, 401 U.S. 745, 750 (1971) (plurality opinion) (citing *Hoffa*); *United States v. Eschweiler,* 745 F.2d 435, 437 (7th Cir. 1984) ("Both the Fourth Amendment, by judicial interpretation, and Title III, expressly, allow an undercover agent to record his conversations with a suspect and allow the government to introduce the recording in evidence.").

From a statutory standpoint, Title III specifically permits interception of a communication by a participant in the communication or where a participant has consented to the interception, except in circumstances that do not exist here. 18 U.S.C. § 2511(2)(c) & (d). Title III also specifically permits, as a matter of federal law, disclosure of an intercepted communication in connection with a court proceeding if the interception was authorized under Title III. 18 U.S.C. § 2517(1)-(3). In short, when a conversation is intercepted in conformity with Title III, that statute does not preclude its use in subsequent judicial proceedings. *See In re High Fructose Corn Syrup Antitrust Litig.,* 216 F.3d 621, 624 (7th Cir. 2000) ("If by virtue of sections 2511(2)(c) or (d) an interception is not prohibited by Title III, there are no Title III restrictions on its use."); *United States v. Horton,* 601 F.2d 319, 324 (7th Cir. 1979). This is true as a matter of federal law even if state law requires a warrant. *See United States v. McNulty*, 729 F.2d 1243, 1246 (10th Cir. 1983) ("The federal statute specifically permits introduction of consensual recordings and thus controls over conflicting state eavesdropping regulations.") *See also United States v. Adams*, 694 F.2d 200, 201 (9th Cir. 1982).

In sum, defendants did not violate Title III or the Fourth Amendment when they intercepted, recorded and used the phone conversations with Elias's consent. The Court therefore dismisses Counts 1 through 8 for failure to state a claim.

In Count 9, Dumas alleges that defendants misrepresented or omitted material facts when they applied to the state court for a warrant to arrest him, because they did not advise the court of their prior warrantless interceptions on September 19 and 22, 2008. He alleges that this conduct violated his Fourth Amendment rights. A warrant has a presumption of validity that may be overcome, in this situation, only by showing

5

that the officers who obtained the warrant knowingly made a false statement or omitted information, and the false statement or omitted information was material to the issuance of the warrant. *See Franks v. Delaware*, 438 U.S. 154, 171-72 (1978); *Molina ex rel. Molina v. Cooper*, 325 F.3d 963, 968 (7th Cir. 2003). Defendants argue that the undisclosed information could not possibly have been material, because Title III authorized the prior interceptions and did not require a warrant. This largely misses the point. Even if the warrantless interceptions did not violate federal law, they still may have violated Illinois law (that, in fact, is the premise of Counts 10 through 12). In their motion, defendants do not contend that the interceptions complied with state law, so the Court takes as true Dumas's contention that they did not. Thus the question under *Franks* is whether it would have been material to a state judge deciding whether to issue an arrest / search warrant to know that information upon which the warrant application was based had been obtained in violation of Illinois law. If so, then the warrant may have been invalid. Defendants completely bypass this question, and the Court is not prepared to say on its own that, as a matter of law, non-disclosure of such information was immaterial.

Defendants also argue that the remaining information on which the arrest warrant application was based was sufficient to establish probable cause. The Court, however, has no way of determining whether that is so; the warrant application is not part of the record. In sum, defendants are not entitled to dismissal of Count 9.

Counts 10 through 14 are state law claims. Defendants contend that the Court should dismiss those claims because, having dismissed the federal law claims, the Court lacks supplemental jurisdiction over the state law claims. Because, however, the

Court has not dismissed the federal claim contained in Count 9, defendants are not entitled to dismissal of the state law claims on this basis.

Defendants also argue that Count 12 is time-barred. They construe Count 12 as a false arrest claim and argue that the one-year statute of limitations ran out on January 8, 2010, one year after Dumas was arrested. Defendants have misconstrued Count 12. As Dumas quite clearly states in his second amended complaint, Count 12 is a claim of malicious prosecution, not false arrest. In Illinois, the statute of limitations for malicious prosecution begins to run on the date the underlying criminal proceeding was terminated in the criminal defendant's favor. *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 99, 820 N.E.2d 455, 459 (2004). The state criminal case terminated in Dumas's failure, at the earliest, on August 11, 2011, when the state appellate court reversed his conviction. Dumas first asserted a state malicious prosecution claim in his first amended complaint, which he filed in February 2012, well within the period of limitations.

The Court also notes that even if there were no remaining federal claims, the Court might still have jurisdiction over Dumas's state law claims. It appears that Dumas resides in Arizona. If Arizona is his domicile, diversity jurisdiction would exist over his state law claims, so long as the amount in controversy exceeds $75,000. A person's domicile is the place he considers to be his permanent home. "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

**Conclusion**

For the reasons stated above, the Court grants defendants' motion to dismiss in part and denies it in part [docket no. 74]. Specifically, Counts 1 through 8 are dismissed for failure to state a claim. The motion is otherwise denied. Defendants are directed to answer Counts 9 through 13 by no later than April 9, 2013. The case is set for a status hearing by telephone on April 22, 2013 at 8:45 a.m. Defendants' counsel is to get plaintiff on the telephone and call chambers at that date and time.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 11, 2013